IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN RYAN GILLITZER,

                                                          ORDER

                  Plaintiff,

                                         10-cv-749-bbc

     v.

DEPARTMENT OF CORRECTIONS
and PAUL HASENSTAB,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief brought under 42 U.S.C. § 1983, plaintiff John Ryan Gillitzer contends that he should be reimbursed for hospital costs he incurred while in the custody of the Wisconsin Department of Corrections. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.  In

1

addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  After reviewing the complaint, I conclude that it must be dismissed for lack of subject matter jurisdiction.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff John Ryan Gillitzer is a prisoner at the Oshkosh Correctional Institution. At times relevant to this case, he was being held in the Jefferson County jail on an extended supervision hold.  While there, he started having severe stomach pains and was eventually taken by ambulance to the Fort Atkinson Memorial Hospital.

At the hospital, plaintiff received an x-ray, CAT scan and minor surgery.  A deputy escorted plaintiff to his hospital room where he stayed overnight.  The next morning, plaintiff was informed that he would be taken to St. Mary's Hospital in Madison.  Before plaintiff  left for Madison, the deputy told him that his parole agent, defendant Paul Hasenstab, had dropped plaintiff's extended supervision hold, meaning that plaintiff was no longer in the custody of the Department of Corrections.  The deputy took plaintiff's jail clothes, gave plaintiff his property and left.

At St. Mary's, plaintiff was given several more tests, x-rays and CAT scans.  He was there for one week and was ultimately diagnosed with Crohn's disease.  When plaintiff was

2

discharged from the hospital, a Jefferson County deputy was waiting for him at the front door.  The deputy informed plaintiff that he was being placed back on extended supervision hold.   Plaintiff received a hospital bill from Fort Atkinson Memorial Hospital for $15,940.47.

DISCUSSION

Plaintiff is seeking reimbursement for his $15,940.47 hospital bill under Wis. Stat. § 302.38.  Under that statute, prisoners are "liable for the costs of medical and hospital care outside of the jail or house of correction," unless the prisoner is "unable to pay the costs." Wis. Stat. § 302.38(2).  If the prisoner cannot pay the costs, "the county shall pay the costs in the case . . . ."  Id.

This court lacks jurisdiction over plaintiff's claim.  Federal district courts may exercise jurisdiction only in cases for which Congress has determined that jurisdiction is proper.  The most common cases over which federal district courts may exercise jurisdiction are those in which the plaintiff's claims present federal questions or arise under federal law, 28 U.S.C. § 1331, or those in which the plaintiff's citizenship is completely diverse from the defendant's citizenship and there is more than $75,000 in controversy, 28 U.S.C. § 1332.

Plaintiff's claim arises under state law.  Thus, he cannot meet the federal question requirements of § 1331.  Additionally, plaintiff has not alleged anything to indicate that he

3

could establish diversity of citizenship or meet the amount in controversy requirements of

§ 1332.     Therefore, I must dismiss plaintiff's complaint for lack of subject matter

jurisdiction.  If plaintiff wishes to pursue his claim, he must do so in state court.


ORDER

IT IS ORDERED that plaintiff John Ryan Gillitzer's complaint is DISMISSED for

lack of subject matter jurisdiction.  The clerk of court is directed to close this case.

Entered this 6th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4